UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06-CR-69 |
| ) | |
| v. ) | |
| ) | Collier/Lee |
| ) | |
| RODNEY BATES ) | |

REPORT AND RECOMMENDATION

This matter is before the Court on defendant Rodney Bates' *ex parte* motion for an evaluation as to his mental competency to stand trial and his sanity at the time of the offense [Doc. No. 214]. Pursuant to 28 U.S.C. §636(b)(1)(B), this matter was referred for a report and recommendation on defendant's motion. A mental competency hearing was held on December 4, 2007, which induced AUSA Scott Winne for the United States, the defendant and defendant's attorney, Joseph V. Hoffer.

Initially, the defendant waived the hearing and stated he accepted the forensic evaluation for "value." When presented the waiver of competency hearing form, the defendant signed it in the upper right hand corner, but would not sign it on the signature line [Doc. No. 239]. Therefore, the hearing proceeded.

During the hearing, the testimony of Jason V. Dana, Psy.D., Forensic Licensed Clinical

Psychologist, was introduced via video-conference by the United States. During Dr. Dana's testimony, the United States introduced his September 21, 2007 forensic report concerning defendant (Gov't Ex. 1) and his resume (Gov't Ex. 2).

Dr. Dana testified consistent with the views and opinions expressed in his forensic report, which is incorporated herein as it relates to Dr. Dana's testimony. Based upon his evaluation of the defendant, Dr. Dana opined the defendant is not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist his attorney in his defense. Dr. Dana found that while defendant sufficiently meets diagnostic criteria for antisocial personality disorder at the present time, he is competent to stand trial. Neither party contested the information contained in the report prepared by Dr. Dana or his opinion concerning defendant.

As to the question of whether defendant was sane at the time of the offense, Dr. Dana noted the defendant was unwilling to discuss information pertinent to the determination of sanity at the time of the offense, thus he could offer no opinion on sanity beyond his findings that defendant does not suffer any severe mental defect or disease. I note that the question of sanity at the time of the offense is a question for the jury.

The defendant represented that he did not contest that he is competent to proceed with legal proceedings. No other witnesses were called and no evidence was presented by defendant to contradict the findings contained in the forensic evaluation report.

Having carefully reviewed the evaluation report and the testimony of Dr. Dana, it is **RECOMMENDED**[1] that the Court find defendant Rodney Bates competent to the extent that he

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order.

is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

                                                      s/*Susan K. Lee*
                                                     SUSAN K. LEE
                                                     UNITED STATES MAGISTRATE JUDGE

---

*Thomas v. Arn*, 474 U.S. 140, 149 n.7, 106 S. Ct. 466, 472 n.7, 88 L. Ed. 2d 435 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).