UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 1:06-cr-69 |
| | ) | *Collier/Lee* |
| RODNEY BATES | ) | |

**REPORT AND RECOMMENDATION**

I.  **Introduction**

Defendant Rodney Bates ("Defendant") filed a motion to suppress evidence obtained through intercepts authorized by two electronic surveillance orders issued by this Court, one on September 6, 2005 and the second on October 6, 2005 [Doc. 249]. Defendant argues the affidavit used to obtain the first electronic surveillance order did not set forth probable cause and did not meet the requirements of 18 U.S.C. § 2510 *et. seq.* because it contained false information. Defendant argues that, as a result of including the false information, all evidence obtained pursuant to the first electronic surveillance order must be suppressed and that all information gained from the second surveillance order must also be suppressed as it allegedly is the illegal "fruit" of the first surveillance order. The United States filed a response in opposition to the motion to suppress [Doc. 251]. The parties' pleadings have been carefully reviewed and fully considered.

Defendant's motion has been referred for a report and recommendation pursuant to 28 U.S.C.

1

§ 636(b)(1)(B) and (C) [Doc. 250]. In summary, I find no constitutional violation with respect to the electronic surveillance (sometimes referred to as "wiretaps"). Thus, for the reasons set forth herein, I **RECOMMEND** that Defendant's motion [Doc. 249] be **DENIED**.

## II.     Facts

The facts are not disputed. The parties have agreed the United States provided discovery materials with the following notice:

> The investigation which led to the indictment in this case included the interception of cell phone communication between various persons named and unnamed in the indictment. You have been provided with the affidavits, applications and orders for the intercepts, as well as a CD copy of all of the intercepts. Information from various sources was contained in the affidavit filed in support of the application for electronic surveillance. One of the sources was identified in the affidavit as "CS 4." After the affidavit was submitted, and after the interception of wire communications had ceased, law enforcement agents learned that CS 4 had provided them some false information.
>
> On two separate occasions, August 18 and September 6, 2005, the person who is identified as CS 4 in the first wiretap affidavit, claimed to have received cocaine from Rodney Bates. Lab testing, the results of which the agents were unaware during the administration of the wiretaps, indicate that the substances from these instances were not cocaine or any other controlled substance. The affidavit referenced the August 18 event as a purchase of cocaine. We now know this to be inaccurate. The affidavit went on to explain that during this event, the agents had difficulty discerning the conversation upon reviewing the tape. The September 6 transaction was not included in the affidavit.

[Doc. 251 at 2-3].

The affidavit of Special Agent Robert Chester of the Drug Enforcement Administration ("Chester") supports the first wiretap application [Doc. 254] and resulting electronic surveillance order authorizing the wiretap [Doc. 257]. As relevant, Chester's affidavit references information

from several Confidential Sources ("CS" if singular or "CSs" if multiple). Chester's affidavit states certain cocaine transactions on August 18, 2005 [Doc. 254 at 33-34] and May 9, 2005 [Doc. 254 at 30-31] involved CS 4 and others, allegedly including Defendant. It is undisputed CS 4 provided false information regarding Defendant to agents. The United States admits it now believes CS 4 did not obtain cocaine, or purported cocaine, from Defendant on either May 9 or August 18 as referenced in Chester's affidavit. The United States has confirmed CS 4 will not be called as a government witness in this matter, and asserts its agents, including Chester, had no knowledge the information provided by CS 4 was false at the time the wiretaps orders were administered.

## III.     Analysis

At issue is whether Chester's affidavit demonstrates probable cause for the issuance of the first wiretap order for the Defendant's cellular telephone number (423) 355-1063 ("Defendant's phone").[1]

### A.     The Parties' Positions

Defendant argues a probable cause analysis must be conducted after excluding the admittedly false information from Chester's affidavit, and that there is insufficient probable cause set forth in Chester's affidavit--upon excluding the false information provided by CS 4--for the issuance of the first wiretap on Defendant's phone. Defendant contends that after excluding the information

---

[1] The parties agreed in a telephonic conference held February 20, 2008 that if the Court suppressed evidence resulting from the first electronic surveillance order for the reasons set forth in Defendant's motion, the evidence resulting from the second electronic surveillance order would be suppressed under the "fruit of the poisonous tree" doctrine. Correspondingly, if evidence resulting from the first electronic surveillance order is not suppressed, then there is no basis for suppressing evidence obtained as a result of the second electronic surveillance order. Thus, this report and recommendation will focus on the affidavit submitted in support of the first electronic surveillance order as it is determinative of the motion to suppress and the parties have not sought to place the second affidavit or electronic surveillance order in the record.

provided by CS 4, the remaining, allegedly stale information provided by the other CSs did not provide probable cause for the issuing judge to find incriminating conversations would be intercepted from Defendant's phone. Defendant does **not** contend any misrepresentations in the affidavit were knowingly or intentionally made by the affiant [Doc. 249-2 at 3]. Defendant agrees a hearing is neither requested nor required pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-57 (1978) [*id.*].

The United States counters that while the affidavit contained false information unbeknownst to Chester, it still supports a finding of probable cause as determined by the issuing judge and there is no basis for excising the false information for the purpose of a probable cause review under the circumstances [Doc. 251 at 4]. The United States also argues even if the admittedly false information is excised, the affidavit contains sufficient information--that is not stale--to support probable cause [*id.*].

**B.     Legal Standards**

The parties agree the applicable standards for the issuance of an electronic surveillance order, as set forth by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), are "similar to those for a search warrant, but there also must be strict compliance with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520." *United States v. Alfano*, 838 F.2d 158, 161-62 (6th Cir. ), *cert. denied*, 488 U.S. 821 (1988). In *Alfano,* the Sixth Circuit set forth the general standard for determining probable cause under Title III:

> [T]here is no specific formula that must be met for a warrant, and [] evidence must be judged on the totality of the circumstances and in a reasonable and common sense manner. *Illinois v. Gates,* 462 U.S. 213, 238 (1983). Under this standard, the question that must be decided in issuing a warrant is whether there is probable cause to believe that evidence of a crime will be uncovered.

838 F.2d at 161-62. Thus, probable cause is present for the issuance of a wiretap order if the totality of the circumstances reveals that there is a fair probability that a wiretap will uncover evidence of a crime. *Id.*; *United States v. Giacalone*, 853 F.2d 470, 478 (6th Cir.), *cert. denied*, 488 U.S. 910 (1988); *United States v. LaPuma*, No. 88-2237, 1989 WL 125242 * 2 (6th Cir. Oct. 23, 1989). Generally, the validity of an electronic surveillance order is reviewed with great deference to the determinations of the issuing judge. *United States v. Corrado*, 227 F.3d 528, 539 (6th Cir.2000).

As the Supreme Court explained, the remedy for a violation of Title III is that no part of the contents of any wire communication, and no evidence derived therefrom, may be received at certain proceedings, including trials, "if the disclosure of that information would be in violation of this chapter." *United States v. Giordano*, 416 U.S. 505, 524 (1974) (quoting 18 U.S.C. § 2515). Disclosures that are forbidden, and subject to a motion to suppress, are governed by § 2518(10)(a), which provides for suppression of evidence if the order of authorization or approval under which it was intercepted is insufficient on its face. *Id.* at 524-25. Where suppression is the appropriate remedy for a violation under Title III, the fruits of any evidence obtained through that warrant must be suppressed. *U.S. v. Rice,* 478 F.3d 704, 710 (6th Cir. 2007).

**C.     *Franks***

The sufficiency of a previously issued and executed electronic surveillance order is analyzed under the procedures outlined in *Franks v. Delaware*, 438 U.S. 154 (1978), including the procedure commonly referred to as a *Franks* hearing. *United States v. Stewart*, 306 F.3d 295, 304-06 (6th Cir. 2002). In order to be entitled to a *Franks* hearing, a defendant must make a dual showing. First, the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the affidavit

5

supporting the wiretap application. *Franks*, 438 U.S. at 155-56. Second, the offending information must be necessary to the finding of probable cause. *Id.* If the offending information is excluded and probable cause still remains, a *Franks* hearing is not required. *Id.*

The United States Court of Appeals for the Sixth Circuit has elaborated upon the *Franks* standard as follows:

> A defendant who challenges the veracity of statements made in an affidavit that form the basis for a warrant has a heavy burden. His allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. He must accompany his allegations with an offer of proof. Moreover, he should also provide supporting affidavits or explain their absence. If he meets these requirements, then the question becomes whether, absent the challenged statements, there remains sufficient content in the affidavit to support a finding of probable cause.

*United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (citations omitted).

Under *Franks*, only if a defendant shows the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in his affidavit, is the false material set aside and the affidavit reviewed on the basis of the remaining content for sufficiency. *See Franks*, 438 U.S. at 155-56. Allegations of negligence or innocent mistake are insufficient to show deliberate falsity of reckless disregard. *Id.* at 171 (affiant himself, not non-governmental informant, must have intentionally or recklessly made false statements); *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993) (same); *United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 (6th Cir. 2003) (same); *Giacalone*, 853 F.2d at 477 ("Under *Franks*, suppression is required only when the *affiant* deliberately lied or testified in reckless disregard of the truth."); *United States v. Moran*, 349 F. Supp. 2d 425, 455 (N.D.N.Y. 2005) (a defendant is entitled to a *Franks* hearing only when he meets preliminary burden by challenging the truthfulness of statements made by the affiant, not

6

the truthfulness of a non-governmental informant). "[I]f the warrant affiant had no reason to believe the information was false, there was no violation of the Fourth Amendment." *Franks* at 172 n. 8. *See also Rice*, 478 F.3d 711.[2]

   **D.   Application**

In short, in order to be entitled to a *Franks* hearing in the instant case, the Defendant must make a substantial preliminary showing that Chester, rather than CS 4, deliberately or recklessly included false information in the affidavit. As acknowledged by Defendant, the first prong for a *Franks* hearing is not met because he does **not** contend Chester deliberately or recklessly included false information in his affidavit. In attacking the first wiretap order, the Defendant relies heavily on CS 4's dishonest and deceptive conduct in the course of making a controlled purchase of narcotics and providing false information about Defendant, which was included in the affidavit supporting the wiretap. While such misconduct could well form a basis to challenge the reliability of CS 4 if he were to testify, Defendant has not argued Chester or the issuing judge were reckless in not questioning the reliability of CS 4 with respect to the wiretap.

As Defendant admits he cannot show any deliberate or reckless misrepresentations by Chester [Doc. 249-2 at 3], he has not articulated a basis for suppression. *Franks*, 438 U.S. at 171; *Ayen*, 997 F.2d at 1152; *Rodriguez-Suazo*, 346 F.3d at 648; *Giacalone*, 853 F.2d at 477. Likewise, Defendant has submitted no authority, and none has been located, that supports his argument that the false information provided by CS 4 should be excised from the affidavit for purposes of a probable cause determination in the absence of knowledge or reckless disregard on the part of

---

[2] The Sixth Circuit recently held that the *Leon* good faith exception does not apply to warrants improperly issued under Title III. *Rice,* 478 F.3d 704.

Chester.[3] As no valid basis for the excise of the false information has been asserted, it is not necessary to address whether the affidavit contains sufficient, non-stale information to support the wiretap order when the false information is excised.

Defendant has not contended Chester's affidavit contains insufficient probable cause for the wiretap or is stale when the false information is included--as it was when the wiretap order was issued. Under these circumstances, and upon a review of the ample information supporting probable cause in the unredacted affidavit, I **FIND** there was more than a fair probability evidence of a crime, namely drug distribution and a conspiracy to distribute drugs, would be uncovered by the monitoring of Defendant's phone and that the requirements of Title III were met. Thus, given the "totality of the circumstances," probable cause was established in Chester's affidavit when viewed in its entirety for the first wiretap and no basis has been shown for suppression of information gathered as a result of either the first or second electronic surveillance orders.

---

[3] While a *Franks* hearing may, in rare instances, be required upon a showing of information omitted from the affidavit, *see*, *e.g.*, *United States v. Bonds*, 12 F.3d 540, 568-69 (6th Cir. 1993), in *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998), the Sixth Circuit reiterated that, except in the very rare case where information critical to the finding of probable cause was excluded with the intention to mislead, "*Franks* is inapplicable to the omission of disputed facts." Moreover, the due process protections accorded to a defendant under *Brady v. Maryland*, which require pretrial disclosure of potentially exculpatory evidence, is inapposite to the warrant application process. *Id.* at 815-16. In the case at bar, there is no allegation that information was excluded with the intention to mislead.

**IV. Conclusion**

For the reasons stated herein, I **RECOMMEND** that Defendant's motion to suppress [Doc. 249] be **DENIED**.[4]

                                                  s/Susan K. Lee
                                                  SUSAN K. LEE
                                                  UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).