UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA     )
     )
     )     Case No. 1:06-CR-69
v.     )
     )     Chief Judge Curtis L. Collier
     )
RODNEY BATES     )

## MEMORANDUM & ORDER

On February 12, 2008, Defendant Rodney Bates ("Defendant") filed a motion to suppress evidence obtained via intercepts authorized by two electronic surveillance orders issued by this Court on September 6, 2005 and October 6, 2005 (Court File No. 249). The Government filed a response (Court File No. 251). United States Magistrate Judge Susan K. Lee issued a Report & Recommendation ("R&R"), analyzing Defendant's motion to suppress and recommending the motion be denied (Court File No. 259). Defendant objected to the R&R (Court File No. 261), and this Court now reviews the issues to make a final determination.[1] In accordance with the following analysis, this Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 259), pursuant to 28 U.S.C. § 636(b)(1), and **DENIES** Defendant's motion to suppress (Court File No. 249).

Defendant's objections to the R&R do not provide any articulation of specific errors, but rather generally restate the grounds upon which the original motion to suppress was based (*see* Court File No. 261). Defendant's original motion to suppress was a two-part argument, as follows: (1) the

---

[1]When a party objects to the proposed findings and recommendations contained in a R&R, this Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

government, and subsequently the Court, relied on false information from a confidential informant, which neither the government nor the Court knew at the time was false (Court File No. 249, p. 3); and, (2) without that false information, there was insufficient additional evidence to establish probable cause upon which to base the warrant (*id.*, pp. 3-6).

As the R&R correctly states (Court File No. 259, pp. 4-7), the case law governing the challenge of an issued and executed electronic surveillance order requires a defendant to make two showings: (1) a defendant must make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the trust, included a false statement in the affidavit supporting the application; and, (2) without that affidavit, probable cause would not have existed. *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002) (*citing Franks v. Delaware*, 438 U.S. 154, 156 (1978)); *accord, United States v. Giacalone*, 853 F.2d 470, 476 (1988), *cert. denied* 488 U.S. 910 (1988) ("[T]he *Franks* Court simply held that the government affiant must reasonably believe the allegations to be true.") Defendant confirms "[i]n the case at bar, the misrepresentations were not knowingly or intentionally made by the affiant" (Court File No. 249, p. 3). As a result, Defendant has failed to satisfy the first requirement in challenging the grounds for the issuance of an electronic surveillance order. *See, e.g., Stewart*, 306 F.3d at 304. Because Defendant failed to satisfy the first requirement in a surveillance-order challenge, this Court need not determine whether Defendant satisfied the second requirement.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**